IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN M. BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-253 ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

ORDER

AND NOW, this 29th day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

1    Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] It is important in this case to remember that the period of time at issue is very limited, as Plaintiff's alleged onset date was September 15, 2020, and his date last insured was September 30, 2020. Plaintiff accordingly had to prove he was disabled within those dates. *See* 20 C.F.R. § 404.131. The reason for this very small window is in large part due to the fact that Plaintiff had filed a prior claim for benefits that was denied on June 24, 2020, and that was not re-opened. (R. 81-93). Although the Administrative Law Judge ("ALJ") was required to – and did – consider the record as a whole, including evidence from outside the relevant time period, such evidence is relevant only so far as it pertains to Plaintiff's condition during the relevant period. *See Ortega v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 194, 197 (3d Cir. 2007). With that understanding, the Court finds that the ALJ's decision that Plaintiff was not disabled during that period was supported substantial evidence.

Much of Plaintiff's lengthy brief constitutes a request for the Court to reconsider the evidence and find that the ALJ erred in finding him not to be disabled. However, the Court emphasizes at the outset that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). To the extent the Court is being asked to come to its own conclusion based on the evidence, therefore, it declines to do so.

Though the fact that the ALJ's well-crafted decision is supported by substantial evidence needs little further explanation from this Court, the Court will address a few of the points raised by Plaintiff. Plaintiff argues, for example, that the ALJ erred in finding that his migraine headaches did not constitute a medically determinable impairment, and that his irritable bowel syndrome ("IBS"), gastroesophageal reflux disease ("GERD"), right shoulder labrum tear, and residuals of carpal and cubital tunnel syndromes were not "severe" impairments at Step Two of the sequential analysis. The Court first notes that the ALJ discussed each of these conditions in some detail during his Step Two analysis, finding that Plaintiff failed to produce evidence relevant to the period at issue of consistent ongoing care for his migraines, and that the evidence did not establish that Plaintiff's IBS, GERD, right shoulder labrum tear, or carpal and cubital tunnel syndrome significantly limited his ability to work during the relevant time.

However, regardless, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. *See Bradley v. Barnhart*, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. *See Salles v. Comm'r of Soc. Sec.,* 229

---

Fed. Appx. 140, 145 n.2 (3d Cir. 2007); *Lee v. Astrue*, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); *Lyons v. Barnhart*, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. Mar. 27, 2006); *Gerald v. Berryhill*, No. 3:17-CV-00575, 2018 WL 7364649, at *5 (M.D. Pa. Oct. 12, 2018), *report and recommendation adopted,* No. CV 3:17-575, 2019 WL 719829 (M.D. Pa. Feb. 19, 2019). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found these other conditions not to be severe impairments.

What matters is whether she properly accounted for any such issues in formulating Plaintiff's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). *See also* 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find these other conditions to be severe impairments does not mean that they could not still have affected Plaintiff's RFC. Here, though, the ALJ expressly discussed Plaintiff's testimony regarding his migraines, IBS, GERD, right shoulder labrum tear, and carpal and cubital tunnel syndrome in explaining how she crafted the RFC. (R. 23-24).

The ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms to be not entirely consistent with the record, emphasizing his minimal and conservative treatment, and discussing objective medical evidence like clinical findings and medical imaging evidence, as well as Plaintiff's activities of daily living. (R. 24-25). Indeed, as the Commissioner points out, much of Plaintiff's limited treatment for these conditions occurred well after his date last insured; for example, Plaintiff's only documented treatment for migraines occurred almost a year after the end of the relevant period. (R. 1665-68). Substantial evidence supports the ALJ's findings, and again, it is not the Court's place to reweigh the evidence on this point. It is further worth noting that the mere fact that Plaintiff may have been diagnosed with migraines, IBS, GERD, right shoulder labrum tear, and carpal and cubital tunnel syndrome is not really what matters; when determining the RFC, the issue is not whether a claimant has been diagnosed with a specific condition, but what functional limitations the condition cause. *See Walker v. Barnhart*, 172 Fed. Appx. 423, 426 (3d Cir. 2006). Other than very speculative claims regarding the need for additional absences and off-task time, Plaintiff does not with any specificity suggest what additional limitations should have been included in the RFC to account for his conditions.

Plaintiff further argues that the ALJ incorrectly found that he did not meet Listing 12.04 or 12.06 at Step Three of the sequential analysis. He asserts that the ALJ's finding that he had moderate limitations in interacting with others is not supported by substantial evidence because the evidence showed that he did not get along well with others. He, in fact, believes that this evidence supports a finding that he was "extremely" limited in his ability to interact with others. However, the ALJ adequately explained the basis for her finding; the fact that Plaintiff disagrees and believes the evidence shows something else, as discussed above, is not sufficient to disturb the ALJ's findings. Indeed, Plaintiff's position is based on no more than his own analysis of the same evidence considered by the ALJ.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:       Counsel of record

---

Plaintiff also contends that the ALJ erred in finding that he had no limitation in adapting and managing himself. However, because the ALJ found that Plaintiff had less than marked limitations in the other three domains, to satisfy the requirements of Part B of either Listing 12.04 or 12.06, Plaintiff would have to prove that he had an *extreme* limitation in adapting and managing himself. Accordingly, the question is not whether a finding of no limitations is justified, but whether the ALJ erred in finding anything less than an extreme limitation. There is no question that she did not. Moreover, the ALJ discussed Plaintiff's claims regarding his mental and social problems and accounted for these in formulating the RFC, which included several restrictions about working with others or in stressful situations. (R. 21-22).

Plaintiff further questions how the ALJ could have found the opinions of the state reviewing agents to be "somewhat persuasive" when, in large part, they found the evidence insufficient to render an opinion. However, the ALJ explained that she considered evidence not available to them in crafting the RFC, citing specific record evidence. (R. 25-26). This type of "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). As discussed, the RFC was quite restrictive in this case. The Court notes that, since there was no supplemental security income claim raised in this case, and therefore no issue as to whether Plaintiff could qualify for disability benefits after the insured period ended, there was no need to determine an RFC for before and after the date that period ended. However, in any event, the vocational expert testified that Plaintiff could perform the jobs listed assuming either RFC. (R. 62-65).

Throughout his brief, Plaintiff argues that the evidence demonstrates greater restrictions than were included in his RFC, including in regard to interacting with others, maintaining attendance, off-task time, and manipulative limitations. However, as noted above, the Court cannot accept Plaintiff's invitation to reweigh the evidence and reach its own conclusion. The ALJ considered the combined effect of all of Plaintiff's symptoms, and her decision is consistent with the governing law and supported by substantial evidence, especially in light of the very limited relevant time frame in this matter. The Court therefore will affirm.